UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THOMAS L. W.,

              Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

CASE NO. C18-1857-BAT

**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff appeals the ALJ's decision finding him not disabled. The ALJ found knee derangement, asthma, organic brain disorder, depression, anxiety, post-traumatic stress disorder (PTSD) and personality disorder are severe impairments, plaintiff has the residual functional capacity (RFC) to preform light work subject to environmental, exertional and mental limitations, and plaintiff cannot perform past relevant work but is not disabled because he can perform other jobs in the national econmy. Tr. 15-29. Plaintiff contends the ALJ erred in discounting the opinions of examining psychologists Melanie Mitchell, Psy.D., and James Czysz, Psy.D., and his testimony, and asks the Court to remand the matter for further proceedings. Dkt. 12 at 1. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the case with for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**DISCUSSION**

The ALJ must give more weight to a treating doctor's opinion than to a non-treating doctor, and more weight to an examining doctor's opinion than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). An ALJ does this by setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation of the facts and evidence, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ must do more than offer his conclusions; he must also explain why his interpretation, rather than the treating doctor's interpretation, is correct. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). The ALJ may reject the uncontradicted opinion of a treating or examining doctor's opinion "clear and convincing reasons." *Lester v. Chater*, 81 F.3d at 830-31. Where contradicted, the ALJ must provide "specific and legitimate reasons" that are supported by substantial evidence in the record to reject a treating or examining doctor's opinion. *Id.*

**A.     Dr. Mitchell's opinion**

In March 2016, Dr. Mitchell examined plaintiff and opined plaintiff could not perform activities within a schedule, maintain regular attendance, be punctual, maintain appropriate behavior at work, or complete a normal workday without interruption from his mental symptoms. Tr. 465-66. She also found plaintiff was markedly limited in his ability to understand, remember, persist in tasks, adapt to changes, communicate and perform effectively in a work setting. *Id.*

The ALJ discounted Dr. Mitchell's opinions for three reasons. First the ALJ found the doctor examined plaintiff "only once." Tr. 25. This is a legally erroneous reason. Examining doctors generally provide opinions based upon a single examination. The ALJ's rationale would

render all examining opinions superfluous and is also contrary to the requirement the ALJ consider all relevant evidence, including medical opinions of examining doctors. *See* 20 C.F.R. § 416.945(a) (ALJ must assess medical reports in determining a claimant's capacity to work).

Next, the ALJ found Dr. Mitchell's findings are "inconsistent with the claimant's normal examination findings." Tr. 25. The finding is not supported by substantial evidence. Dr. Mitchell observed plaintiff's hygiene was poor, he made limited eye contact, his facial expressions were inappropriate, and he was sullen and flat. Tr. 466-67. Dr. Mitchell administered two standardized tests indicating plaintiff was suffering from severe anxiety and depression symptoms. Tr. 467. The doctor further noted psychomotor agitation and no evidence of feigning or malingering. *Id*. And Dr. Mitchell found plaintiff was not within normal limits as to his thought process, memory, and judgment. Based on test scores, the doctor further found plaintiff's concentration was not within normal limits. *Id*. The ALJ failed to provide any basis for the conclusion that Dr. Mitchell's examination findings were "normal" and as illustrated above, the doctor set forth numerous non-normal findings that reasonably support her opinions about the severity of plaintiff's limitations.

And lastly, the ALJ found Dr. Mitchell's opinions were inconsistent with plaintiff's statements that he has engaged in activities requiring planning and work with others, that he can count change and use public transportation and that his nightmares do not occur frequently and that his medications help him. Tr. 25. Substantial evidence does not support the finding.

Dr. Mitchell did not indicate plaintiff could not count money or take the bus. Rather she indicated he had moderate limitations in his ability to understand and persists in tasks following short instructions, learn new tasks, perform routine tasks, make simple work decisions and be aware of normal hazards. These limitations are more consistent with the ability to count money

and take the bus rather than limitations that preclude such activity. Additionally, although plaintiff checked a box in a function report he could "count change," he also indicated he did not know how to use a checkbook or money orders, Tr. 292, and that his ability to handle money has gone downhill because he has "issues counting." Tr. 293.

The medical record shows plaintiff status regarding his nightmares and efficacy of medications, is unstable. In November 2016, plaintiff's treating doctor noted plaintiff was taking medications, that plaintiff's anxiety and nightmares were less disruptive though he still had trouble falling asleep. Tr. 575. But by 2017 when plaintiff appeared before the ALJ, plaintiff stated he was homeless and living on the streets, Tr. 92, having flashbacks, and not sleeping much. Tr. 94. Moreover, Dr. Mitchell did not opine plaintiff was unable to work because of nightmares. Rather she found plaintiff suffers from significant depression, anxiety, trauma induced fears and memory problems. Hence plaintiff's improvement regarding nightmares does not contradict Dr. Mitchell's opinions.

And lastly the ALJ stated plaintiff engaged in activities requiring planning and work with others. However, the ALJ did not did not specify what these activities involved or why they contradicted the doctor's opinions. The Court assumes the ALJ was referring to his discussion at step-three where the ALJ noted plaintiff was engaged in "positive community activities" and was going to teach a martial arts class and develop a game with a group. Tr. 21. However, the record does not flesh out what these activities involved. On review there is nothing showing what positive community activity plaintiff performed, what was involved, or how long the activity lasted. Likewise, while plaintiff twice mentioned in October 2016, he planned to help teach marital arts and help a group create a game, there is no indication he actually engaged in these activities, and they are not otherwise mentioned in the record.

In sum, as the record does not establish what community activities plaintiff performed and whether plaintiff actually helped teach martial arts and create a game, the Court concludes that substantial evidence does not support the ALJ's reliance on these activities to discount Dr. Mitchell's opinions. The ALJ accordingly erred in rejecting Dr. Mitchell's opinions. The error was harmful because the RFC determination does not fully account for all limitations that the doctor assessed.

**B.     Dr. Czysz**,

In 2015, Dr. Czysz examined plaintiff and opined he was markedly limited in adapting to changes in the workplace, communicating, performing effectively and completing a normal workday due to psychological symptoms. Tr. 26. The doctor also found plaintiff was moderately limited in his ability to understand, remember, persist in tasks following detailed instructions, perform activating within a schedule, maintain attendance, make simple decisions, maintain appropriate behavior, and set realistic goals and plan independently. *Id.*

The ALJ rejected Dr. Czysz's opinions for the same reasons he rejected Dr. Mitchell's opinions; the ALJ as discussed above, accordingly erred. The fact an examining doctor sees a claimant once is not a valid reason to reject the opinion; the ALJ relied upon activities do not contradict the doctor's opinions or are spelled out with sufficient clarity; and Dr. Czysz's clinical examination assessed numerous non-normal findings which support the doctor's opinions. The ALJ accordingly harmfully erred as the RFC determination does not fully account for Dr. Czysz's findings.

**C.     Plaintiff's Testimony**

Plaintiff contends the ALJ erred in rejecting his testimony about the severity of his mental symptoms. Dkt. 13 at 11. The ALJ found plaintiff's testimony was inconsistent with

normal examination findings. Substantial evidence does not support the finding. As discussed above, the ALJ erred in determining that both Dr. Mitchell and Dr. Czysz performed examinations that established "normal examination findings." To the contrary, both doctors made findings that were not normal and not inconsistent with plaintiff's testimony about his limitations.

The ALJ also found plaintiff's testimony as inconsistent with his activities, i.e., his ability to pay bills and count money; finishes what he starts and likes video games; uses public transportation, went to film school, engaged in community activities; has taken care of a dog; and stayed with friends and felt as though he was doing everything in the house. Tr. 24. The ALJ also noted plaintiff said his mental health symptoms were improving and that he had fewer nightmares. Tr. 26.

It is impermissible for the ALJ to penalize plaintiff for engaging in activities in an attempt to lead a normal life. Hence living with friends, taking the bus, or caring for a dog are not grounds to discount plaintiff's testimony. Further, none of the activities contradict plaintiff's statements. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). For example, plaintiff never said he could not take the bus, or that he could not count money or pay a bill. Also as noted above, the record indicates while plaintiff can count money, his money handling ability is rudimentary, and he acknowledged increasing problems counting money.

None of the activities upon which the ALJ relied to discount plaintiff's testimony establish the ability to perform gainful work activity. For instance, playing video games is a not a daily activity that is transferrable to a work setting; it is thus not grounds for an adverse credibility finding. *See e.g. Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). As noted above, the record does not flesh out what plaintiff's community activities involve. These activities are

therefore not a clear and convincing reason to reject plaintiff's testimony. Similarly, plaintiff's claim he feels he is doing everything at his friend's house does not establish that he in fact is engaged in activities that contradict his claimed limitations. The record simply does not establish what plaintiff did at the house.

Plaintiff testified that he attended film school but his account indicates his attendance was short lived and that he was "kicked out" because he could not get along with others at the school. Tr. 88. And lastly, plaintiff has told his medical providers his medications help him and his nightmares. These statements are insufficient grounds to reject plaintiff's testimony. First, plaintiff's symptoms have waxed and waned. Second, plaintiff's mental health symptoms are long standing and persistent. Third, even assuming plaintiff has had periods of improvement, there is scant medical evidence that plaintiff has improved to a point that is inconsistent with his testimony. And lastly Plaintiff's limitations appear to flow from his anxiety, trauma and depression, not lack of sleep or nightmares. Dr. Mitchell in fact noted that plaintiff reported even when he sleeps well, he still wakes up feeling exhausted and has no appetite. In sum, the Court concludes the ALJ erred in discounting plaintiff's testimony.

**CONCLUSION**

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g).

/

/

/

/

/

On remand the ALJ shall reassess Drs. Mitchell's and Czysz's opinions, and plaintiff's testimony, develop the record and redetermine plaintiff's RFC as necessary, and proceed to the remaining steps as appropriate.

DATED this 20th day of August, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge